UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS CLAY,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. NICHOLAS RODRIQUEZ, INDIVIDUAL CAPACITY; NURSE SHELBI BACKHAUS, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER BRENT MCDONALD, INDIVIDUAL CAPACITY; AND NICHOLAS ANDERSON, INDIVIDUAL CAPACITY,<br><br>Defendants. | 4:19-CV-04066-RAL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, GRANTING IFP STATUS, AND DIRECTING SERVICE |

Plaintiff Cornelius Clay (Clay) filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Clay is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. This Court has screened his complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, this Court denies Clay's motion to appoint counsel, grants in forma pauperis status, and directs service.

I.    Facts Alleged in the Complaint[1]

On September 23, 2017, Clay felt ill, saw a nurse at the South Dakota State Penitentiary, and recorded a temperature of 102.5 degrees. Id. at 4. Although directed to Health Services, according to Clay, Defendant Sergeant Nicholas Rodriquez (Rodriquez) intervened and threatened Clay with disciplinary action if he did not go to his cell instead. Id. A week later, Clay still felt ill, was allowed to go to Health Services, had a temperature of 102.6 degrees, and then spent hours in the Emergency Department off site until his temperature lowered. Clay alleges that thereafter that on October 2, 2017, he was not allowed to

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in Clay's Complaint, which this Court must take as true on initial screening.

1

see a physician as directed. Clay contends that he now has spinal inflammation, has undergone a spinal tap to alleviate the inflammation, and is wheelchair bound. Id. Confusingly, Clay indicates both that he submitted a request for administrative relief regarding Rodriquez's conduct and that he was denied his right to grieve because of the length of his illness. Id. at 5.

Clay alleges that Defendant Nurse Shelbi Backhaus (Backhaus) told the medical team that Clay was faking his illness and sent him back to his cell on October 12, 2017, and that later in the same day he was rushed to the Emergency Department with a temperature of 103.2 degrees. Id. at 5. Clay asserts that, if given timely treatment, he would not now be wheelchair bound. Id.

Clay's claims against Defendant Officer Brent McDonald (McDonald) and Nicholas Anderson (Anderson) relate to those two Defendants allegedly ignoring or refusing Clay's requests to get emergency treatment. Id. at 6. Both concerning the claims against Backhaus and those against McDonald and Anderson, Clay acknowledges not having filed any grievance, but claims he was denied his right to file any such grievance. Id. at 5, 6.

## II. In Forma Pauperis Status

Clay filed an Application to Proceed Without Prepayment of Filing Fees, Doc. 2, properly completed and a Prisoner Trust Account Report, Doc. 3, showing that he presently has a negative balance in his inmate trust account. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)     the average monthly deposits to the prisoner's account; or
(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Clay has reported average monthly deposits to his prisoner trust account of $8.98 and an average monthly balance of *negative* $104.21. Doc. 3. Based on this information, the court grants Clay leave to proceed in forma pauperis and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Clay must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Clay's institution. Clay remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

### III. Screening of Claims

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[] to state a claim on which relief may be granted; or (2) seek[]monetary relief from a defendant who is immune from such relief." See also Onstad v. Wilkinson, 534 F. App'x 581, 582 (8th Cir. 2013).

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Schreiner v. Quicken Loans, Inc., 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its

conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Clay raises three Eighth Amendment claims in his complaint. Doc. 1. Clay alleges that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. "[A] prison official who is deliberately indifferent o the medical needs of a prisoner violates the prisoner's constitutional rights." Letterman v. Does, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, Clay must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." Id. at 861–62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). Clay alleges that he had an elevated temperature for a prolonged period in September and October of 2017 and that, because it went under treated or ignored, he now is confined to a wheelchair due to spinal inflammation. Clay has alleged a substantially serious risk of harm.

The deliberate indifference element of this claim "has two components: an actor must 'know[] of and disregard[] an excessive risk to inmate health or safety.'" Id. at 862 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Clay alleges that each Defendant was aware of his reported illness and denied him care. Therefore, Clay states a claim under the Eighth Amendment.

IV.  **Motion to Appoint Counsel**

Clay moves this Court to appoint him counsel. Doc. 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the

litigant's ability to present his claim. Id. The facts of Clay's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion to appoint counsel is denied.

This Court is aware that this situation may change as litigation progresses. This Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993).

**V.    Order**

Accordingly, it is hereby ORDERED

1. Clay's motion to proceed without prepayment of fees, Doc. 2, is granted.
2. Clay's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those payments to the court until the $350 filing fee is paid in full.
3. The Clerk of Court shall send a copy of this order to the appropriate official at Clay's institution.
4. Clay's Eighth Amendment claims survive screening.
5. The Clerk of Court shall send blank summons and USM-285 forms to Clay.
6. Clay shall complete and send to the Clerk of Court a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.
7. The United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order, upon the defendants. All costs of service shall be advanced by the United States.
8. Defendants will serve and file an answer or responsive pleading to the remaining claims in the Complaint on or before 21 days following the date of service, unless this Court enlarges the deadline to answer or otherwise respond.

9. Clay will serve upon Defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by this Court. Clay will include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to Defendants or their counsel.

DATED this 16th day of May, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE