UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS CLAY,<br><br>                Plaintiff,<br><br>vs.<br><br>SGT. NICHOLAS RODRIQUEZ, INDIVIDUAL CAPACITY; NURSE SHELBI BACKHAUS, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER BRENT MCDONALD, INDIVIDUAL CAPACITY; AND NICHOLAS ANDERSON, INDIVIDUAL CAPACITY;<br><br>                Defendants. | 4:19-CV-04066-RAL<br><br><br>ORDER ON CASE STATUS |

        Plaintiff Cornelius Clay filed a § 1983 complaint concerning allegedly deficient medical care while in state custody, which this Court screened and directed to be served. Defendants answered the complaint on September 9, 2019, and, among other things, advised that Clay was paroled on or about June 7, 2019. Doc. 13. No subsequent pleadings have been filed in this case. The last two mailings from the Clerk of Court to Clay have been returned undeliverable. Docs. 14, 15. The certificate of service to Defendants' Answer listed Clay's address at that time as 220 North Prairie Ave., #3, Sioux Falls, South Dakota 57104-2923.

        Defendants' answer, among other things, raises the defense qualified immunity. Qualified immunity for state government officials is "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The "driving force" behind qualified immunity is "a desire to ensure that 'insubstantial claim' against governmental officials be resolved prior to discovery." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987)). Clay's allegations in his complaint are not "insubstantial" on their face, but Defendants' answer contests much of what Clay contends.

1

This Court of course does not know whether Defendants intend to bring a motion to dismiss on a qualified immunity argument or a motion for summary judgment. This Court likewise does not know whether Clay, who was granted parole, wishes to continue this litigation now that he no longer is in custody. What this Court does know is that this case has languished since September 9, 2019. Therefore, it is hereby

ORDERED that the Clerk of Court mail a copy of this order to Clay at the address Defendants had for him in Sioux Falls. It is further

ORDERED that, if the Defendants have a more current or alternative last known address for Clay, Defendants notify the Clerk of Court forthwith. It is further

ORDERED that Clay must keep this Court informed of any address change for him. If the Court is not kept informed of a change of address causing court filings to be returned undeliverable, Clay's case may be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. Upon receipt of this order, Clay is to file with the Clerk of Court notification of his current mailing address together with a brief statement of whether he wishes to continue litigating this case or, alternatively, wishes to have it dismissed without prejudice or taxation of costs. It is further

ORDERED that if Clay wishes to pursue this case, Defendants shall file within 35 days of Clay's notification any motion to dismiss or for summary judgment to present the pre-discovery qualified immunity argument to the Court.

DATED this 7th day of February, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE