UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS CLAY,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. NICHOLAS RODRIQUEZ, INDIVIDUAL CAPACITY; NURSE SHELBI BACKHAUS, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER BRENT MCDONALD, INDIVIDUAL CAPACITY; AND NICHOLAS ANDERSON, INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:19-CV-04066-RAL<br><br><br>**ORDER OF DISMISSAL** |

In March 2019, Plaintiff Cornelius Clay, proceeding pro se, filed a § 1983 complaint alleging deficient medical care while in state custody. Doc. 1. This Court screened Clay's complaint and directed that it be served. Doc. 6. Defendants answered the complaint on September 9, 2019, and, among other things, advised that Clay was paroled on or about June 7, 2019. Doc. 13.

This Court issued an Order on Case Status on February 7, 2020, after nearly five months had passed without any additional filings in the case. Doc. 16. This Court ordered Clay to keep it informed of any address change (two mailings from the Clerk of Court to Clay had been returned as undeliverable) and to file a notification of his current address together with a statement on whether he wished to continue litigating this case. Doc. 16. Clay filed a response about a month and a half later saying that he wanted to proceed with his case. Doc. 19.

On April 2, 2020, Defendants moved for summary judgment based on qualified immunity. Doc. 21. Local Rule 7.1 gave Clay twenty-one calendar days to serve and file a response to Defendants' motion for summary judgment. D.S.D. Civ. LR 7.1(B). After over two months passed without Clay filing a response, this Court issued an order on June 11, 2020, directing Clay to respond to Defendants' motion for

1

summary judgment by June 26, 2020. Doc. 32. This Court warned Clay that it would dismiss his case under Federal Rule of Civil Procedure 41(b) if he failed to respond within this time. Doc. 32. June 26 has come and passed, and Clay has not filed a response to Defendants' motion for summary judgment.

"Even pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). "A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 F. App'x 496 (8th Cir. 2008) (per curiam); see also Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) ("A district court has power to dismiss an action for refusal to comply with any order of court, and such action may be taken on the court's own motion." (internal citation omitted)). Dismissal under Rule 41(b) is appropriate here because Clay has not complied with the local rules or this Court's order directing him to respond to Defendants' motion for summary judgment. Given that Clay was warned of the consequences of failing to respond, this dismissal is with prejudice. See Page v. Pung, No. 94-3120, 1995 WL 91897, at *1 (8th Cir. Mar. 1, 1995) (per curiam) (affirming dismissal with prejudice under Rule 41(b) where plaintiff failed to respond to summary judgment motion despite being directed to do so by the district court).

It is hereby

ORDERED that Clay's Complaint, Doc. 1, is dismissed with prejudice. It is further

ORDERED that Defendants' Motion for Summary Judgment, Doc. 21, is denied as moot.

DATED this 1st day of July, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE